UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STEVEN ROBERT DONKO,

          Petitioner,

v.                                      CASE NO. 2:06-14337
                                      HONORABLE ARTHUR J. TARNOW

KENNETH A. ROMANOWSKI,

          Respondent.
_____/

## **OPINION AND ORDER DENYING HABEAS CORPUS PETITION**

### **I. Background**

This matter is pending before the Court on petitioner Steven Robert Donko's *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner, who was charged in Lenawee County, Michigan with one count of second-degree home invasion, Mich. Comp. Laws § 750.110a(3), and one count of larceny from a building, Mich. Comp. Laws § 750.360. He was also charged with being a habitual offender, fourth offense, under Mich. Comp. Laws § 769.12. The charges arose from allegations that Petitioner broke into his grandmother's home and stole $300 and some blank checks.

On December 29, 2004, Petitioner pleaded guilty to second-degree home invasion. In return, the prosecutor dismissed the larceny and habitual offender charges. On February 10, 2005, the trial court sentenced Petitioner to imprisonment for seventy-one months (five years, eleven months) to one hundred eighty months (fifteen years). Petitioner appealed his sentence, but the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Donko*, No. 267700 (Mich. Ct. App. Feb. 13,

2006) (unpublished decision). On September 20, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Donko*, 477 Mich. 859; 721 N.W.2d 168 (2006) (table).

The habeas corpus petition is dated September 25, 2006. The sole issue is whether Petitioner's constitutional rights were violated by the trial court's assessment of points for offense variables 4 and 10 of the state sentencing guidelines. Petitioner seeks to be re-sentenced.

.          **II.  Standard of Review**

Section 2254(d) of Title 28, United States Code, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

### III. Discussion

### A. Scoring of the Sentencing Guidelines

Petitioner challenges the trial court's scoring of offense variable 4 (psychological injury to the victim) and offense variable 10 (exploitation of a domestic relationship or vulnerable victim). Petitioner claims that he should not have been assessed any points under offense variable 4, because the victim, who was his grandmother, did not require psychological treatment and did not fear him. He alleges that the score for offense variable 10 should have been zero, because his relationship to his grandmother was not domestic and he did not exploit her vulnerability. According to Petitioner, if offense variables 4 and 10 were scored at zero, the sentencing guidelines range would be 29 to 57 months, not 36 to 71 months.

### 1. The State Law Claim

Petitioner's claim that the state sentencing guidelines were incorrectly scored or interpreted is not cognizable here, because alleged violations of state law fail to state a claim on which habeas relief may be granted. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001) (Tarnow, J.). Federal courts may grant the writ of habeas corpus only on the

3

ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## 2. The Merits

Even if Petitioner's claim were cognizable here, there was a factual basis for the trial court's scoring of the offense variables.

### a. Offense Variable 4

Offense variable 4 requires assessing points if the family member suffered serious psychological injury that could require professional treatment. Defense counsel admitted at sentencing that the victim was an elderly woman who was frightened in her own home and lived with that fear as a result of the home invasion. Counsel's objection was based on the fact that the victim did not seek psychological treatment. The trial court, however, concluded that the victim clearly suffered serious psychological injury and was not required to seek treatment. (Tr. Feb. 10, 2005, at 4-6.)

The state court's conclusion constituted a reasonable determination of the facts. The pre-sentence investigation report indicates that the victim felt insecure in her home after the home invasion and feared Petitioner's accomplice, because that person was "still on the run." *See* Pet. for Writ of Habeas Corpus, Ex. 4, Victim's Impact Statement. Although Petitioner correctly notes that his grandmother expressed no fear of him, he apparently led his accomplice to his grandmother's home, and he ultimately is responsible for the home invasion, which led to his grandmother's reduced sense of security. As for his grandmother's failure to seek professional treatment, the trial court noted that the updated sentencing guidelines state that failure to seek

4

psychological treatment is not determinative of whether psychological injury occurred. (Tr. Feb. 10, 2005, at 5.)

### b. Offense Variable 10

Offense variable 10 requires scoring points for exploitation or vulnerability. Defense counsel argued at the sentencing that Petitioner took advantage of the fact that his grandmother was not home, but he did not take advantage of her age or size. The prosecutor responded that Petitioner abused a domestic relationship in that he knew where his grandmother kept her valuables.[1] The trial court agreed and refused to reduce the score for offense variable 10. (*Id*. at 6-8.)

Petitioner claims that he never lived with his grandmother and, therefore, he did not have a domestic relationship with her. Even assuming that the trial court misconstrued the meaning of "domestic relationship," the sentencing guidelines would not have changed if the trial court had reduced the score for offense variable 10 to zero. (*Id*. at 7-8.) Thus, any error in the trial court's scoring of offense variable 10 was harmless.

### B. *Blakely*

Petitioner claims that the trial court's use of facts to enhance his sentence violated his Sixth Amendment right to a jury trial. He claims that he did not admit the underlying facts and no jury found him guilty of facts used to increase the sentencing guidelines. The basis for this argument is *Blakely v. Washington*, 542 U.S. 296 (2004), and, by implication, *Apprendi v. New*

---

[1] According to the pre-sentence investigation report, the thief took money from a desk drawer, a wallet from the upstairs bedroom, and a checkbook, but nothing else. *See* Pet. for Writ of Habeas Corpus, Ex. 4, Agent's Description of the Offense.

*Jersey*, 530 U.S. 466 (2000).

Even if *Blakely* were applicable, Petitioner would not be entitled to habeas relief. His attorney admitted the facts underlying the scoring of offense variable 4 by conceding that, as a result of the home invasion, the victim "is scared in her own home and she lives with that daily . . . ." (Tr. Feb. 10, 2005, at 4.) As noted, a judge may increase a sentence "on the basis of the facts . . . admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted). As for offense variable 10, the alleged error is harmless because the sentencing guidelines would have been the same even if the guidelines were scored at zero. *See Washington v. Recuenco*, __ U.S. __, __, 126 S. Ct. 2546, 2553 (2006) (stating that "[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error.")

### IV. Conclusion

The state appellate court's finding that Petitioner's claim lacked merit did not result in an unreasonable determination of the facts or in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. Therefore, the application for a writ of habeas corpus is DENIED.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: May 23, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary